UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO: 5:08-CV-32-RLV-DCK

| | |
|---|---|
| EST, LLC, successor-in-interest to ENVIRONMENTAL SCIENCE TECHNOLOGIES, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER |
| ROBERT C. SMITH, and WORKING CHEMICAL SOLUTIONS, INC., | ) ) ) ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendants' "Motion to Stay" (Document No. 6). The motion has been referred to the Magistrate Judge. The Plaintiff opposes the motion. (Document No. 14, 15). Having fully considered the record, the undersigned will **deny** the motion as moot for the following reasons:

The Defendants move to stay this case because "[t]he parties and issues before this Court are also before an Arkansas federal court in *Working Chemical Solutions, Inc. et al. v. Environmental Science Technologies, LLC, et al.*, United States District Court, Western District of Arkansas, Case No. 08-1019 (the "Arkansas case"). As potentially dispositive issues had already been briefed in the Arkansas case, the Defendants requested that the present action be stayed pending resolution of those dispositive issues.

The Defendants point out that the Arkansas case was filed one month before the present case. The Defendants cite the "first to file" rule "under which district courts generally give "priority to the first suit absent a showing of a balance of convenience in favor of the second." *Lendingtree, LLC v. Cyber Financial Network, Inc.*, 2007 WL 2410663 at *3 (W.D.N.C. 2007). "The first-to-file rule

simply provides that the forum of the first-filed case is favored unless considerations of judicial and litigant economy and the just and effective disposition of disputes requires otherwise." *Century Furniture, LLC v. C & C Imports, Inc.*, 2007 WL 2712955 at *2 (W.D.N.C. 2007) (citing *Learning Network, Inc. v. Discovery Communications, Inc.*, 11 Fed.Appx. 297, 300 (4th Cir.2001).

In the present case, the circumstances "require otherwise." Subsequent to the filing of the Defendants' motion to stay, the Arkansas Case was transferred to the United States District Court for the Western District of North Carolina on January 7, 2009. (Case No. 5:09-cv-3-RLV-DCK). The transferred case was then consolidated with the present case. (Case No. 5:08-cv-32-RLV-DCK, Document No. 22, Order of February 5, 2009). Hence, the factual basis for Defendants' motion to stay no longer applies.

The undersigned also observes that the Plaintiff has separately moved to stay the present case and to compel arbitration, based on an arbitration clause in the express contract between the parties. (Document No. 9, Plaintiff's "Amended Motion to Stay Action and Compel Arbitration"). By separate order, this Court has granted the latter motion, thereby staying the case and ordering the parties to arbitrate their dispute. The Defendants' present motion to stay is therefore moot.

**IT IS, THEREFORE, ORDERED** that the Defendants' "Motion to Stay" (Document No. 6) is **DENIED as moot**.

**IT IS SO ORDERED.**

Signed: March 31, 2009

David C. Keesler
United States Magistrate Judge